PARIENTE, J.,
concurring in result.
While I concur in the result that the majority reaches, I disagree with the majority’s conclusion that the fingertip was admissible, particularly since the majority fails to analyze whether less graphic methods were available to illustrate the same point. Majority op. at 413-15. Defense counsel objected to the admission of the fingertip on the basis that it was prejudicial and photographs could also illustrate this injury without the extremely inflammatory effect of admitting a jar containing the victim’s actual flesh. The prosecutor argued that the fingertip should be admissible because Poole had been convicted of attempted first-degree murder and the admission of this body part in a jar should not be considered inflammatory because people would see this type of item in a biology class. The trial court accepted this argument and admitted the fingertip, concluding that the fingertip was “not unpleasant” to see and simply appeared to be a large chunk of skin and the end of a finger.
I conclude that this ruling was error because the trial court failed to analyze whether there was a less graphic method of illustrating the same point, such as through the introduction of photographs. As this Court has held, even when dealing with photographs of a murder victim that are deemed relevant, the key question for determining admissibility is whether less graphic photographs are available to illustrate the same point:
“The test for admissibility of photographic evidence is relevancy rather than necessity.” Crime scene photographs are considered relevant when they establish the manner in which the murder was committed, show the position and location of the victim when he or she is found by police, or assist crime scene technicians in explaining the condition of the crime scene when police arrived. This Court has upheld the admission of autopsy photographs when they are necessary to explain a medical examiner’s testimony, the manner of death, or the location of the wounds.
However, even where photographs are relevant, the trial court must .still determine whether the “gruesomeness of the portrayal is so inflammatory as to create an undue prejudice in the minds of the jur[ors] and [distract] them from a fair and unimpassioned consideration of the evidence.” In making this determination, the trial court should “scrutinize such evidence carefully for prejudicial effect, particularly when less graphic photos are available to illustrate the same point.”
Doorbal v. State, 988 So.2d 464, 497 (Fla.2008) (emphasis added) (quoting Douglas v. State, 878 So.2d 1246, 1255 (Fla.2004)).
Relevancy is the starting point, not the ending point. In this case, neither the trial court nor this. Court evaluated whether there was a less graphic means available to illustrate the fact that Poole was previously convicted of attempted first-degree murder. However, when this objection was raised, both the trial court and the parties recognized that pictures demonstrated this injury, that the victim herself would be testifying, and that her injury was still visible.
In support of its argument that the trial court did not err, the State relies solely upon out-of-state cases in which a human bone was admitted into evidence to address a disputed fact. See State v. Pike, 978 S.W.2d 904, 911, 924 (Tenn.1998) (in *421 troducing a piece of skull found in the defendant’s clothing and placing this piece of bone into the victim’s reconstructed skull to show that the defendant possessed a part of the victim’s skull — evidence that the court found was no more prejudicial than the use of a model skull would have been); State v. Cazes, 875 S.W.2d 253, 263 (Tenn.1994) (admitting a skull on the basis that a forensic anthropologist found a “signature” for the murder weapon and thus the “cleaned, reconstructed skull was highly relevant in establishing identity”); Hil-bish v. State, 891 P.2d 841, 850 (Alaska Ct.App.1995) (holding that the trial court did not err in admitting a cleaned skull to assist the jury in understanding the location of the gunshot wound and noting that the skull was less gruesome than available photographs might have been).
However, a closer review of each case shows that the state courts allowed the introduction of the cleaned bone to establish the identity of the murder victim or address an issue in dispute and that each court considered both the relevancy of the evidence and the ability of presenting the same information in a less prejudicial or graphic format. In fact, in Crain v. State, 736 N.E.2d 1223, 1233 (Ind.2000), the Indiana Supreme Court expressed its concern regarding the State’s use of the victim’s actual skull, but stressed that because the use of the skull was relevant given the defendant’s claim of accidental death and because the skull was not gruesome, but was only cleaned bone, the trial court did not abuse its discretion.
A critical difference between those eases and this one is the fact that the evidence at issue here is not a cleaned bone, but the surviving victim’s very flesh that had been preserved in a jar. Moreover, the necessity of admitting this type of evidence is questionable — here, the evidence is relevant only to show the force that Poole exerted when he tried to kill the surviving victim, but the amount of force is not relevant in proving the aggravator related to the attempted murder conviction. The fact that Poole was convicted of attempted murder is not disputed. In addition and importantly, the trial court never weighed the necessity of introducing the flesh, as opposed to admitting this evidence through a less gruesome means, like photographs as. Poole requested.
I am concerned that the majority’s holding, which concludes that there was no abuse of discretion and which does not analyze whether less gruesome methods existed to demonstrate the same point, is an incomplete analysis. While I agree that in this ease the admission constitutes harmless error, I urge trial courts to exercise caution before admitting an actual body part and to consider whether less gruesome and prejudicial ways exist to demonstrate the same point.